BORDEN, J.,
concurring. I agree with the reasoning of the majority opinion and its holding, namely, that the plaintiff, Sidney F. Manning, has not established standing to bring this foreclosure action, and, therefore, the trial court had no subject matter jurisdiction to proceed further in the action, even to order the parties to return to the Bankruptcy Court to resolve the question of the ownership of the mortgage in question. I write briefly and separately, however, to underscore the anomalous and economically wasteful posture in which this leaves the property in question.
As a result of this conclusion, the property in question is, insofar as the real estate records are concerned, *239 burdened by a mortgage that the plaintiff cannot foreclose, and the defendants,[1] who own the property, cannot get released without some farther action of the Bankruptcy Court or its trustee. Thus, the property is essentially not saleable. Our decision makes clear that the plaintiff cannot foreclose on the mortgage. And the defendants have no way to clear the title to the property of the mortgage that the plaintiff claims to own, because either the mortgage is still owned by the trustee in bankruptcy or is subject to being abandoned by that trustee.
Thus, it behooves all of the parties to hie themselves to the Bankruptcy Court. There they should implore the court to reopen the bankruptcy case so as either to lodge ownership of the mortgage in the trustee (or a duly appointed successor trustee), or to permit that trustee to abandon any interest in the mortgage, which should have the effect of lodging ownership of the mortgage in the plaintiff. Otherwise, the property in question will remain indefinitely a piece of real estate without capability of liquidation. This is hardly a state of affairs that commands respect.

 See footnote 1 of the majority opinion.